IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GLORIA THOMAS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-2547-L** |
| § | |
| **FIESTA MART, LLC,** § | |
| § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment (Doc. 13), filed January 19, 2024; Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Any Subsequent Related Briefing Filed by Plaintiff ("Motion to Strike") (Doc. 26), filed April 19, 2024; and Plaintiff's Motion for Leave to File Response ("Motion for Leave") (Doc. 27), filed April 25, 2024. For the reasons herein explained, Defendant's Motion to Strike (Doc. 26) is **granted**; Plaintiff's Motion for Leave (Doc. 27) is **denied**; and Defendant's Motion for Summary Judgment (Doc. 13) is **granted**.

### I.  Factual and Procedural Background

Gloria Thomas ("Ms. Thomas" or "Plaintiff") originally filed this action in state court on June 6, 2022, against Fiesta Mart, LLC ("Fiesta" or "Defendant") alleging that Fiesta was grossly negligent in knowingly leaving a "substance" on the floor of the Fiesta grocery store and failing to remove the substance from the floor or warn her, causing her to slip and almost fall on the substance and injure her pelvis and other parts of her body. Pl.'s Pet. 3-4. Ms. Thomas seeks actual damages, exemplary damages, prejudgment and postjudgment interest, and costs of suit.

On November 11, 2022, Fiesta removed the action to federal court based on diversity of citizenship and the amount in controversy being greater than $75,000.

After expiration of the discovery deadline, Fiesta moved on January 19, 2024, for summary judgment with respect to all claims and relief sought by Plaintiff in this action. On March 25, 2024, approximately six weeks after her response deadline, Plaintiff filed her response to Defendant's Motion for Summary Judgment without seeking or obtaining leave of court for the untimely filing. The two-page response contains no legal authority or citations to evidence. The response indicates that "a separate brief is being filed," but none was ever filed. Thereafter, instead of filing a reply within fourteen days in accordance with this district's Local Civil Rules, Defendant waited twenty-five days before filing its Motion to Strike Plaintiff's summary response on April 19, 2024, two weeks before the parties' deadline to file pretrial materials. To this, Ms. Thomas responded on April 25, 2024, by seeking leave to file "Plaintiff's Response to Defendant's Motion for Summary Judgment." Doc. 27.

For the reasons herein explained, Plaintiff has not shown excusable neglect for her untimely summary judgment response. Fiesta is nevertheless entitled to judgment as a matter of law on all claims and relief by Plaintiff in this action even if the court considers Plaintiff's previously filed untimely response to Defendant's Motion for Summary Judgment.

## II.     Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Mutual Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for

summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see*

**Memorandum Opinion and Order - Page 3**

*also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Discussion

#### A. Defendant's Motion to Strike and Plaintiff's Motion for Leave

As indicated, after Defendant moved to strike Plaintiff's summary judgment response and any subsequent summary judgment materials by Plaintiff as untimely, Plaintiff responded by filing her one-page Motion for Leave on April 25, 2024, to file "Plaintiff's Response to Defendant's Motion for Summary Judgment." Doc. 27. Plaintiff asserts that "[g]ood cause to file" the response exists because, before filing her current Motion for Leave, "Plaintiff filed the Response to Defendant's Motion for Summary Judgment," and the response "does not present evidence of surprise" or any new claims, and such good cause outweighs any prejudice to Defendant. Pl.'s Mot. for Leave. 1. Because Plaintiff does not request leave to file a brief or submit evidence in support of her previously filed response, it appears that she is simply asking the court to consider her previously filed response in ruling on Defendant's Motion for Summary Judgment.

With the deadline for filing pretrial materials quickly approaching, the timing of these motions and requests for relief and the manner in which they were presented for the court's consideration does not assist it in resolving Defendant's Motion for Summary Judgment. The motions have, instead, muddied the waters. The court agrees with Defendant that Plaintiff's summary judgment response was untimely in that it was not filed within 21 days of Defendant's

Motion for Summary Judgment as required by this district's Local Civil Rule 7.1(e). The untimely response was also filed without leave of court. If Plaintiff had filed a brief in support of her response, it would have been similarly untimely. This issue and any concerns regarding the adequacy of Plaintiff's response, however, could have been raised by Defendant in a reply brief. Regardless, the court agrees with Defendant that Plaintiff's summary judgment response should be stricken and not considered in ruling on its Motion for Summary Judgment because she has not demonstrated excusable neglect for the untimely response.

Federal Rule of Civil Procedure 6(b)(1) permits "district courts, for good cause, to extend deadlines with or without motion if the court acts before the original time or its extension expires, or on motion made after time has expired if there was excusable neglect." *Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020) (citing Fed. R. Civ. P. 6(b)(1)). Courts consider the following four non-exhaustive factors in determining whether neglect was excusable: (1) "the danger of prejudice" to the opposing party, (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993); *see also L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (same). Additionally, "in determining whether a party's failure to meet a deadline was excusable, the proper focus is upon whether the neglect of [the party] *and their counsel* was excusable." *Id.* (citation and internal quotation marks omitted).

Ms. Thomas moved for leave after her summary judgment response deadline expired, so she must establish excusable neglect for her late-filed response. Ms. Thomas, who is represented by counsel, did not seek an extension of her summary judgment response deadline before it expired, and she does not offer any explanation for the lengthy delay in filing her summary judgment response after expiration of the deadline. She also fails to explain why she was unable

to file her summary judgment response (or supporting materials) within the time provided by this district's Local Civil Rules.

Moreover, Ms. Thomas' conclusory assertion that good cause exists for the untimely filing because she filed her response before filing her Motion for Leave does not satisfy her burden of establishing excusable neglect. Although she does not appear to seek permission to file a summary judgment brief or evidence in support of her response, any such request would fail for the same reason. The court, therefore, **grants** Defendant's Motion to Strike; **strikes** Plaintiff's untimely summary judgment response (Doc. 26); and will not allow Plaintiff to submit any additional summary judgment materials in opposition to Defendant's Motion for Summary Judgment. *See Kitchen*, 952 F.3d at 254 ("Kitchen made no request to extend the time to file his response before the deadline, and he did not file a motion for an extension arguing excusable neglect. Even if Kitchen had filed such a motion, it was no abuse of the district court's discretion to strike his late-filed motion. We have held a district court has discretion to refuse to accept a party's dilatory response to a motion for summary judgment, even if the court acknowledges reading the response, and has discretion to deny extending the deadline when no excusable neglect is shown.") (citation omitted). The court determines that, even if it had granted Plaintiff's Motion for Leave and considered her previously filed response, Defendant would still be entitled to summary judgment.

### B. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on Plaintiff's negligence and premises liability claims, contending that: (1) Texas law precludes general negligence claims such as those based on negligent training and supervision; (2) Plaintiff cannot prove the "notice" element for her premises liability claim; and (3) she cannot establish that Fiesta acted with reckless disregard or conscious indifference as required for gross negligence.

To establish negligence under Texas law, a plaintiff must establish "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). A plaintiff is entitled to punitive damages upon a showing of gross negligence. *Hansen v. Johns-Manville Prod. Corp.*, 734 F.2d 1036, 1040 (5th Cir. 1984). Gross negligence has two elements:

> (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.

*Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001) (citation omitted); Tex. Civ. Prac. & Rem. Code Ann. § 41.003(11). The first element, "extreme risk," does not include "a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Id.* (citations omitted). "The second element, 'actual awareness,' means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Id*. (citations omitted). Circumstantial evidence can be used to prove either element. *Id.* Whether these elements are satisfied is determined on a case-by-case basis such that:

> particular acts or omissions may evince gross negligence in some situations does not mean that they do in all situations. Rather, all the circumstances are pivotal, and unless they permit a reasonable jury to develop a firm conviction or belief that the defendant "did not care" about the risk, there can be no gross negligence.

*Agrium U.S., Inc. v. Clark*, 179 S.W.3d 765, 768 (Tex. App.—Amarillo 2005, pet. denied).

In Texas, a premises owner, or person in control of the premises, owes its invitees a duty to exercise reasonable care to protect them from dangerous premises conditions that were known or reasonably discoverable, but a premises owner is not an insurer of its invitees' safety. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (citing *Wal-Mart Stores, Inc. v.*

*Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). To prevail on a premises liability claim under Texas law, a plaintiff must prove:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Gonzalez*, 968 S.W.2d at 936 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)); *see also McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citations omitted).

As previously stated, even if the court had not stricken Plaintiff's untimely summary judgment response, Fiesta would still be entitled to summary judgment on all of Plaintiff's claims. The entirety of Plaintiff's response is as follows:

## I.
## STATEMENT OF THE ISSUES

This is a premises-liability case, in which Plaintiff alleges she slipped and fell on a liquid substance on the floor of a Fiesta grocery store. Plaintiff brought suit against Fiesta, asserting claims for premise liability, general negligence and gross negligence. Fiesta is not entitled to summary judgment on each of Plaintiff's causes of action because: (1) The substance ad [sic] actual or constructive notice of the substance on the floor in the area where Plaintiff fell; (2) Plaintiff disputes Defendant's assertion that she was injured by a condition of the premises; (3) This case is a premises-liability cause of action; and (4) Fiesta's actions amount to gross negligence.

## II.
## STATEMENT OF THE ISSUES

Defendant had both actual and constructive knowledge of the substance on the floor. Plaintiff testified in her deposition that there was an employee working in the aisle at the time and where Plaintiff fell;

Plaintiff testified that when Plaintiff asserts a premises liability claim and a negligence claim resulting when management came to the scene of her fall on the

**Memorandum Opinion and Order - Page 8**

> date and time of her injury, and saw the liquid, that management chastised the employee saying words to the effect of "you should have cleaned that up" or "that should have been cleaned up".
>
> Plaintiff has established in deposition testimony that Defendant had actual or constructive knowledge that the substance was on the floor; that the substance was the proximate cause of her fall; that Plaintiff's injury was foreseeable; that Defendant was negligent and further, that Defendant's negligence amounted to gross negligence; that Plaintiff was injured and sustained damages as a result of her injuries. As a result, these are all fact questions for a jury sufficient for Plaintiff to get to a jury for trial.
>
> Plaintiff would respectfully ask this Court to deny Defendant's Motion for Summary Judgment.
>
> Even if, assuming arguendo, that this is a case where the condition of the property is at issue, Plaintiff has established that the condition posed an unreasonable risk of harm; That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and that owner or occupier's failure to use such care proximately caused the plaintiff's injury.
>
> As a result, these are all fact questions for a jury sufficient for Plaintiff to get to a jury for trial. Plaintiff would respectfully ask this Court to deny Defendant's Motion for Summary Judgment.
>
> ### III.
>
> ***Brief.*** A separate brief is being filed, which outlines the arguments and authority to support of Plaintiff's arguments and to meet all other requirements set forth in the local rules.
>
> ***Prayer.*** Plaintiff prays that the deny Defendant's Motion for Summary Judgment and attorneys' fees. Plaintiff also prays for all relief, both at law and at equity, to which she may be justly entitled.

Pl.'s Resp. 1-2 (Doc. 24).

Plaintiff's response is insufficient to raise a genuine dispute of material fact regarding any of the elements of her claims identified in Defendant's Motion for Summary Judgment. Plaintiff's response is not supported by any evidence, and Plaintiff's conclusory assertions regarding deposition testimony not before the court is not competent summary judgment evidence. *See Eason*, 73 F.3d at 1325. Plaintiff's response also fails to address Defendant's legal argument

Memorandum Opinion and Order - Page 9

regarding negligence claims under Texas law based on negligent training and supervision. *See Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (noting that "an issue raised in the complaint but ignored at summary judgment may be deemed waived [ ]"); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue."), *aff'd sub nom., Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) (citations omitted).

*Even considering Plaintiff's summary judgment response*, she has failed to raised a genuine dispute of material fact with respect to any of her claims against Fiesta. Accordingly, Defendant is entitled to judgment as a matter of law on all of Plaintiff's claims and requests for relief.

## IV. Conclusion

For the reasons stated, the court **grants** Defendant's Motion to Strike (Doc. 26); and **denies** Plaintiff's Motion for Leave (Doc. 27). Further, even considering Plaintiff's untimely summary judgment response, Plaintiff failed to raise a genuine dispute of material fact regarding her claims and requests for relief that are based on theories of negligence, gross negligence, and premises liability under Texas law. Fiesta is, therefore, entitled to judgment as a matter of law on all of the claims asserted by Plaintiff in this action. Accordingly, the court **grants** Defendant's Motion for Summary Judgment (Doc. 13); and **dismisses with prejudice** all claims by Plaintiff against Fiesta in this case.[*] As no claims remain, judgment will issue by separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.

---

[*] The court's ruling on Defendant's Motion for Summary Judgment and the dismissal with prejudice of all claims asserted by Plaintiff also moots Plaintiff's Amended Motion for [a Second] Extension of Time to Supplement Discovery Responses as required by the magistrate judge's February 8, 2024 order on Defendant's Motion to Compel. This motion by Plaintiff (Doc. 19), which was filed on February 27, 2024, is, therefore, **denied as moot**.

**It is so ordered** this 26th day of April, 2024.

_____
Sam A. Lindsay
United States District Judge